## 13755

**ATLANTIC COAST LUMBER CORPORATION v. DERHAM ET AL.**

(172 S. E., 432)

*Messrs. Tobias & Turner* and *Lide & McCandlish,* for appellant,

*Messrs. John M. Daniel, Attorney General, J. Fraser Lyon* and *Claude K. Wingate,* for respondents, ▆▆▆▆▆▆▆

January 13, 1934.

The opinion of the Court was delivered by Mr. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

The appellant herein, called the lumber company, made income tax returns to the Federal government for the years ending March 31, 1923, March 31, 1924, March 31, 1925, and for nine months ending December 31, 1925. On September 20, 1930, the returns having been investigated and certain credits disallowed, the government made demand upon the lumber company for additional taxes, and the same were paid. When the State Tax Commission was informed of this a demand was made upon the lumber company for payment of one-third of the amount paid to the government, which amount was paid under protest and this suit brought to recover the amount, to wit, $5,473.58, including interest. It is hardly necessary to add that at the time this tax was paid to the government the state law provided for the payment of one-third of the government tax to the state. Upon an agreed statement of facts, the Circuit Judge rendered his decree dismissing the complaint, thereby holding, that the additional assessment upon the lumber company was valid. From this decree the lumber company has appealed and by appropriate exceptions brings the matter before this Court.

The Circuit Judge bases his conclusion upon Section 2863 of the Code which provides that all taxes are conclusively presumed to be paid after ten years from

the last date when they could have been paid. He, therefore, held that the tax was ascertained within ten years from the date when it could have been paid, and, not being paid, was legally due. We do not think that the question here involved is controlled by that section of the Code. It must be determined by the provisions of the State Income Tax Law of 1922 (32 St. at Large, p. 896).

This Act provides that, for the purpose of determining the amount of net income upon which income taxes are to be paid and for the purpose of fixing the amount, the payment and collection thereof, all of the provisions of the Act of Congress are adopted and enacted, and are declared to be the method, means, and manner by and under which the amount of the tax shall be ascertained.

The Act of Congress, Federal Revenue Act of 1921, § 250 (42 Stat., 264, 265), provides that the amount of income shall be determined and assessed by the Commissioner within four years after filing the return. It will be found that this four-year provision is recognized in all subsequent Federal Income Tax Acts.

If this provision of the Federal Income Tax Law should relate to determining the amount to be paid or the payment or collection thereof, or to the method, means, or manner of ascertaining the amount, as it most certainly does, then it is a provision of the state law of 1922, having been made a part thereof.

It may be well to state just here that the determination on the part of the government to demand an additional amount of income tax from the lumber company was reached more than four years after the filing of the tax return. However, after the filing of the tax return, the lumber company and the Internal Revenue Division of the United States Treasury Department mutually agreed that the four-year limitation should be waived and, hence, it was no bar to the additional assessment which was made after the four-year limitation had expired.

A similar request was made of the South Carolina Tax Commission for a waiver of the four-year limitation, and, after granting it for two years, it was thereafter refused. Now the tax commission says that the Federal waiver operated in favor of the State, although the waiver had been refused.

In May, 1926, Mr. C. J. Henry, now deceased, field agent of the tax commission, having heard that an additional assessment might be levied against the lumber company, wrote the tax commission as follows: "If the schedule submitted by taxpayer is accepted as correct by the Federal Timber Section, you can see that there will be some additional tax to pay and Mr. Overton, the Treasurer of the Corporation, says that his Auditor will file necessary amended returns as soon as all questions are settled with Federal Dept., and will furnish S. C. Tax Commission any information desired at any time requested. So would suggest that our office make memo. and follow this proposition up by mail from time to time for final adjustment and to get waivers from time to time to keep everything alive until settled, which the taxpayer says they will be glad to furnish."

The refusal to grant the waiver and the advice of the field agent that waivers be obtained show very clearly that the tax commission did not consider the Federal waiver as being all sufficient.

But it is urged that the tax due the State was not due until paid to the government, nor could it be ascertained in advance. This is quite true, but it must not be forgotten that, if the government had not secured a waiver of the four-year limitation, it could not have insisted upon payment of the additional tax.

Numerous cases hold that the taxpayer should receive the benefit in cases of doubt in the enforcement of tax statutes, and this is a typical case for the application of that rule. See the following cases: *Columbia Railway, etc., Co. v. Carter,* 127 S. C., 473, 121 S.

E., 377; *Columbia Gaslight Co. v. Mobley,* 139 S. C., 107, 137 S. E., 211; *Fuller v. Tax Commission,* 128 S. C., 14, 121 S. E., 478.

The judgment of this Court is that the decree of the Circuit Court be reversed, and that the cause be remanded to the Circuit Court for entry of judgment in conformity with the prayer of the complaint.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.